UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ANGELA HANSHAW,

      Plaintiff,

v.                       Civil Action No. 2:11-cv-00083

GEORGE KALLAI, individually and in his
capacity as President of the Nicholas County
Parks & Recreation Commission, and
TIM LEWIS,
in his capacity as member of the Board for
The Nicholas County Parks & Recreation Commission, and
THE NICHOLAS COUNTY COMMISSION
in its capacity as Employer of Plaintiff, and
THE NICHOLAS COUNTY PARKS & RECREATION COMMISSION,
a political subdivision of the Nicholas County Commission
or its division as extension wholly controlled or overseen,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>


The court presently has under consideration the
continued exercise of supplemental jurisdiction over plaintiff's
remaining claims.


I.


Plaintiff Angela Hanshaw commenced this action in
federal court on February 7, 2011.  Her complaint alleged six
counts.  In the first count, plaintiff alleged, <u>inter</u> <u>alia</u>,
failure of the defendant employer to properly administer an
employee benefits plan in contravention of the Employee

Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. (the "federal claim"). The additional allegations in count one, as well as the allegations in counts two through six, arose under West Virginia state law (the "state law claims").

On December 14, 2011, defendants Tim Lewis, the Nicholas County Commission, and the Nicholas County Parks & Recreation Commission moved for partial summary judgment on plaintiff's federal claim. Plaintiff did not oppose the motion, concurring with defendants that the Employee Retirement Income Security Act does not apply to the employee benefits plan at issue in this case. Consequently, on January 18, 2012, the court entered an order dismissing plaintiff's sole federal claim. (See Order Granting Partial Summary Judgment, Dkt. No. 38).

This case is presently set for trial on April 10, 2012, just more than a month from today. However, on February 21, 2012, the parties jointly moved to amend the scheduling order. The proposed amended scheduling order would essentially reset the case, commencing a new, full-length timeline for discovery and dispositive motions and concluding with a trial on January 29, 2013. (See Jt. Mot. for Amended Scheduling Order, Dkt. No. 43) That motion remains pending.

II.

When a district court has dismissed the claims over which it had original jurisdiction, it "may decline to exercise supplemental jurisdiction" over any remaining state law claims. 28 U.S.C. § 1367(c)(3).  The Fourth Circuit has allowed trial courts "wide latitude" in determining whether or not to retain jurisdiction in such cases.  Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).  "Among the factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."  Id.

In light of the factors set forth in Shanaghan, the court finds that it is no longer appropriate to exercise supplemental jurisdiction over plaintiff's remaining state law claims.  If the court were to grant the parties' joint motion to amend the scheduling order, this case would, in essence, begin anew.  It could be no more inconvenient or unfair to require the parties to do so in state court.  Further, there are no significant underlying issues of federal policy, comity concerns, or considerations of judicial economy that would militate in favor of continued jurisdiction.

III.

For the foregoing reasons, it is ORDERED that plaintiff's remaining claims, being state law claims, be, and hereby are, dismissed without prejudice.  It is further ORDERED that the parties' joint motion to amend the scheduling order be, and it hereby is, denied as moot.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:  March 1, 2012

John T. Copenhaver, Jr.
United States District Judge